RECEIVED

SEP 1 5 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CONNIE ROBINSON | CIVIL ACTION NO. 15-1783 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART STORES, INC., ET AL. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Pending before the Court is the Motion for Summary Judgment [Doc. 17] filed by defendants Wal-Mart Stores, Inc. and Claims Management, Inc.[1] (collectively,"Wal-Mart"). In their motion, Wal-Mart argues "there exists no genuine issue of material fact" that Wal-Mart is entitled to "a judgment as a matter of law, dismissing any and all claims of the plaintiff." Plaintiff Connie Robinson opposes the motion [Doc. 19], and Wal-Mart filed a Motion for Leave to File Reply Memorandum [Doc. 20], which is GRANTED herein. For the following reasons, Wal-Mart's motion is GRANTED.

I.  **Factual and Procedural Background**

The instant lawsuit arises out of an alleged slip and fall in the Wal-Mart Store located in Franklin, Louisiana on April 28, 2014. The parties do not appear to dispute that the plaintiff was a customer of this Wal-Mart store on April 28, 2014. Wal-Mart argues the plaintiff "alleges that she was involved in a slip and fall accident on the premises," and the plaintiff "slipped and fell in water allegedly leaking from a cooler resulting in injuries."[2]

---

[1] Claims Management, Inc. is alleged to be the insurer of Wal-Mart with respect to this particular accident.

[2] *See* Wal-Mart's memorandum in support of motion for summary judgment, Doc. 17, at p.1.

**II.    Law and Argument**

    **A.    Summary Judgment Standard**

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> . . . .
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

### B. Legal analysis

As jurisdiction in this matter is premised upon 28 U.S.C. §1332 (diversity of citizenship), Louisiana law governs the substantive issues of law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). As such, the Court is duty bound to apply Louisiana law. Although the plaintiff does not specifically so allege in her complaint,[3] the parties agree the case is governed by Louisiana's merchant liability statute, La. Rev. Stat. §9:2800.6, which states:

- A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

- B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

    - (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

    - (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

---

[3] In her complaint, the plaintiff alleges the "negligence" of defendant Wal-Mart, without specifying any statutory, codal, or jurisprudential basis for her claims.

        (3)        The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C.        Definitions:

        (1)        "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

        (2)        "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D.        Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

La. Rev. Stat. §9:2800.6 (West 2016).

It is well-settled that failure to prove any of the requirements enumerated in La. Rev. Stat. §9:2800.6 will prove fatal to the plaintiff's case. *White v. Wal–Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997); *Hardman v. Kroger Company*, 775 So.2d 1093 (La. App. 2nd Cir. 2000); *Harrison v. Horseshoe Entertainment*, 823 So.2d 1124 (La. App. 2nd Cir. 2002). In addition to proving each of the three elements in §9:2800.6(B), a plaintiff must "come forward with positive evidence showing the damage causing condition existed <u>for some period of time</u> and that such time was sufficient to place a merchant defendant on notice of its existence." *Crawford v. Brookshire Grocery Co.*, 180 So.3d 478 (La. App. 2nd Cir. 2015) (emphasis added), *citing White, supra*. This element is referred to as the "temporal" element. Absent some showing of the temporal element, there can be no

inference of constructive knowledge. *Id.* While there is no bright line time period, a plaintiff must show that the condition existed for "such a period of time." *Crawford*, 180 So.3d at 481, *citing Kennedy v. Wal–Mart Stores, Inc.*, 733 So.2d 1188 (La. 1999); *Jones v. Brookshire Grocery Co.*, 847 So.2d 43 (La. App. 2d Cir. 2003). Thus, the claimant must make a positive showing of the existence of the condition prior to the fall; a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. *Crawford*, 180 So.3d at 481, *citing White, supra.*

In the instant motion, Wal-Mart argues the plaintiff cannot satisfy her burden of proof against Wal–Mart with respect to the constructive notice element under La. R.S. 9:2800.6(B)(2), because she cannot prove the liquid substance that caused her to slip was, in fact, present or that Wal–Mart had constructive or actual notice of the substance. Wal-Mart also argues the plaintiff cannot show any temporal element demonstrating a specific period of time during which the liquid substance remained on the floor prior to the accident as required under La. R.S. 9:2800.6(C)(1).

In support of its motion, Wal-Mart points to the deposition testimony of the plaintiff, in which the plaintiff testified as follows:

> Q: Can you describe what you slipped in?
>
> A: I'm assuming it must be -- all of a sudden it must be water because I was wet from head to toe.
>
> Q: You were wet --
>
> A: I assume it was water.
>
> Q: Water was on the floor?
>
> A: Must be.
>
> Q: You said you were wet from where?

A:   Head to toe. My whole body, back, from head to toe.

[ . . . ]

Q:   Did you ever look to see what was on the ground? I know you said you were wet, but did you look down to see?

A:   No.

Q:   Can you describe how much water was on the ground?

A:   After about five minutes or whatever, a lot of them come running. And then one of the workers came, and she got paper towels and put on all that. I assume. And then all of a sudden, they looked and seen it was nothing but water there.

Q:   Can you tell me how much water it was?

A:   Must be a lot.

Q:   Do you know where that water came from?

A:   Had to be under the freezer from the frozen section. Had to be from under that thing.

Q:   Well, how do you know that?

A:   Because the way she had all the paper towels and all that and from behind me and on the side of me to put there.

Q:   Did you ever see water coming out from under the freezer?

A:   No. I didn't see nothing.

Q:   So all you know is there was water on the floor; right?

A:   Yeah.

[ . . . ]

Q:   Let me ask you this: Do you have any idea how long that water was on the floor?

A:   No.

Q: Do you have any idea that – well you said you think it leaked out from under the freezer, right?

A: That's the only thing I could assume it come from.

Q: Do you have any information that would show that a Walmart employee spilled that water on the floor?

A: No.

Q: Or put it there for any reason?

A: No.

Q: And you don't know how long the water was there; is that right?

A: Right.

Q: Do you have any reason to believe that any WalMart employee knew that that water was on the floor before the accident?

A: No, because I was never in the store; so I really don't – I really wouldn't know.[4]

In her opposition brief, the plaintiff appears to acknowledge that her deposition testimony does not support the constructive notice aspect of her claim, however she argues at the time she was deposed, she had not yet reviewed the videotape evidence of her accident. In her opposition brief, the plaintiff argues the video

> suggests that a worker was near that cooler at 3:11:40 PM until 3:15:01 PM. At 3:16:01 PM, the puddle of water had reached the center of the floor. At 3:23:24 PM, Plaintiffs slips and falls onto the floor. The worker should have seen the water prior to the accident.

To her opposition brief, the plaintiff attaches several black and white still photographs – images allegedly taken from a videotape produced by Wal-Mart in discovery – that plaintiff alleges

---

[4] *See* deposition of plaintiff, attached as Exhibit "A" to defendant's motion for summary judgment, Doc. 17, at pp. 32-26.

-8-

purportedly "show[s] that the water was on the floor prior [to] her falling for such a period of time that the defendant should have discovered its existence."[5]

The Court has reviewed the photographs and finds the plaintiff's argument unavailing. First – with respect to the content of the photographs – this Court notes the photographs in question do not clearly show the presence of water on the floor of the Wal-Mart aisle in question. This Court is unable to determine, from simply looking at the photographs, whether there is any water on the floor of the aisle, and if so, where the water is. The quality of the photographs simply does not provide this information.

Furthermore, and perhaps most importantly, the photographs are neither verified nor authenticated. Unauthenticated documents are improper as summary judgment evidence. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir.1991). *See also King v. Dogan*, 31 F.3d 344 (5th Cir. 1994). Indeed, it is well-settled that"[t]o be admissible [as summary judgment evidence], documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Haynes v. Pennzoil Co.*, 141 F.3d 1163 (5th Cir. 1998), *citing* 10A Charles Alan Wright et al., Federal Practice and Procedure §2722, at 59-60 (2d ed.1983) (footnotes omitted). Here, the photographs submitted by the plaintiff are not authenticated. All that has been provided to the Court are black and white photographs, stapled to the plaintiff's opposition brief. Consequently, the photographs are not properly considered by this Court as summary judgment evidence in contravention of Wal-Mart's argument.

Finally, Wal-Mart argues that, even if the Court determines the photographs show the

---

[5] *See* plaintiff's opposition brief, Doc. 19, at p. 4.

-9-

presence of water on the aisle floor, several cases have held that similar durations of time were insufficient to impose constructive notice on a merchant. *See, e.g., Delahoussaye v. Delchamps, Inc.*, 693 So.2d 867, 870 (La. App. 3rd Cir. 1997) (court held five minutes that banana was on the floor was insufficient lapse of time to impose constructive notice on store); *Williams v. Rouse's Enterprises, Inc.*, 693 So.2d 1298, 1300 (where plaintiff introduced no evidence to show a ball bearing had been on the floor for a specific period of time before the plaintiff allegedly tripped over it, and where defendant introduced evidence showing an employee had inspected the floors only six minutes before the accident, evidence was insufficient to impose constructive notice on defendant).[6]

In *Nash's v. Rouse's Enterprises*, LLC, 191 So.3d 599, 602 (La. App. 1st Cir. 2016), the court explained:

> That is, even though Rouse's evidence may show that the rice was on the floor for some period of time before the fall, Mr. Nash has produced no factual evidence to establish this temporal requirement. It is undisputed that Aisle 3 was swept at 11:45 a.m., the store was inspected at 11:50 a.m., and Mr. Nash was on the floor by noon, within minutes of the sweep and inspection. **At most, Rouse's evidence shows there was about a 10-minute timeframe within which the rice could have been on the floor.** Mr. Nash has produced no positive evidence to show that the rice was on the floor any period of time, much less that it was there such time as was sufficient to

---

[6] In *Ceasar v. Wal-Mart Stores. Inc.*, 787 So.2d 582, 585 (La.App. 3rd Cir.2001) (cert. denied), the plaintiff slipped and fell in a small amount of shampoo on the floor of an aisle at her local Wal-Mart store. 787 So.2d at 584. The Louisiana Third Circuit Court of Appeals found plaintiff met her burden of proof based on the following circumstantial evidence: (1) employees were stocking merchandise in the area where the spill occurred, (2) the manager was unsure of the last time the area was checked, (3) the employee assigned to check the area was unsure of the last time the aisle had been checked or whether the regular floor maintenance employee had cleaned the area, and (4) another employee had walked down the aisle in question thirty minutes prior to the incident and did not observe a spill. *Id.* at 586. The Court found that one could infer that the spill had been on the floor for at least thirty minutes, and that under the circumstances, the substance was on the floor for such a period of time that it should have been discovered if Wal-Mart had exercised reasonable care. *Id.* (emphasis added).

In *E.N. Georges v. Kroger Texas, L.P.*, 2007 WL 2407251, *5 (E.D. La. Aug. 17, 2007), Judge Walter, discussing the decision in *Ceasar*, stated:

> This Court notes that the decision in *Ceasar* may be a more liberal interpretation of the Louisiana Supreme Court's holding in *White*, which put the burden squarely on the plaintiff to make a positive showing that the condition existed for some period of time. This Court is obliged to interpret state law as declared by the highest court of a given jurisdiction.

place Rouse's on notice of its existence or that Rouse's failure to detect the rice within that short timeframe was a lack of "reasonable care." See LSA–R.S. 9:2800.6(C)(1). And, contrary to Mr. Nash's argument, Carter v. Hi Nabor Super Market, LLC, does not hold that summary judgment is precluded when a merchant's constructive notice is at issue.

In the instant case, plaintiff argues the Wal-Mart video suggests the water had been on the floor as early as 3:07:51 pm, and the plaintiff slipped at 3:23:24 pm – a period of approximately 16 minutes. Based on this Court's review of Louisiana jurisprudence, the Court concludes that, even if it were able to determine that the video evidence shows water on the floor for a period of 16 minutes, such a period of time is not sufficient to impose constructive notice on Wal-Mart.

Thus, the plaintiff fails to controvert the evidence presented by Wal-Mart with respect to constructive notice, and accordingly, has wholly failed to meet her summary judgment burden under the Louisiana merchant liability statute.

Considering the foregoing, the Motion for Summary Judgment [Doc. 17] filed by defendants Wal-Mart Stores, Inc. and Claims Management, Inc. is GRANTED, and the plaintiff's claims against Wal-Mart Stores, Inc. and Claims Management, Inc. are DENIED AND DISMISSED WITH PREJUDICE.

It appears that the instant Ruling resolves all disputes between the parties. In light of the foregoing, IT IS FURTHER ORDERED that the parties shall submit a proposed judgment, approved as to form, within ten (10) days of the date of this Ruling and Order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___15___ day of September, _____, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-11-